EDWIN E. MOORE AND EMILY E. MOORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moore v. Commissioner
Docket No. 21344-89
United States Tax Court
T.C. Memo 1991-601; 1991 Tax Ct. Memo LEXIS 648; 62 T.C.M. (CCH) 1388; T.C.M. (RIA) 91601; December 5, 1991, Filed *648 Decision will be entered for the respondent. Edwin E. Moore and Emily E. Moore, pro se. Charles P. Hanfman, for the respondent. POWELL, Special Trial Judge. POWELL
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b)(3), and assigned pursuant to Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' 1986 Federal income tax in the amount of $ 476. Respondent determined that petitioners were liable for additions to tax for negligence under section 6653(a)(1)(A) in the amount of $ 24 and under section 6653(a)(1)(B) in the amount of 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence. In an attachment to the deficiency notice, respondent also determined that petitioners *649 erroneously claimed a credit for excess social security tax withholding. Petitioners, husband and wife, jointly filed a Federal income tax return for the 1986 taxable year on or before April 15, 1987. Petitioners resided together in Starr, South Carolina, at the time they filed a petition with the Court. Petitioner Emily E. Moore did not appear at the trial of this case. The issues to be decided in this case are 1) whether petitioners must include a state tax refund in income; 2) whether petitioners must include interest earned from U.S. Government Savings Bonds in income; 3) whether petitioners' failure to include the interest earnings and the state income tax refund in income for the 1986 taxable year was negligent; and 4) whether this Court has jurisdiction to resolve matters pertaining to the social security tax. For convenience and clarity, the facts and the law with respect to each issue are discussed separately. A. Taxable Income
With respect to petitioners' failure to include interest earnings and a 1985 South Carolina State income tax refund in income, the facts and the law are straightforward. In 1985, petitioners paid income taxes to the State of South Carolina *650 in the amount of $ 3,162.48, which they properly deducted under section 164(a) as an itemized deduction on their 1985 Federal income tax return. In 1986, petitioners received a refund check of $ 1,484.48 from the State of South Carolina in respect of an overpayment of the South Carolina Individual Income Tax for the 1985 taxable year. Petitioners did not report this amount as income on their 1986 Federal income tax return. Section 111 requires that refunds of taxes that were previously deducted be included in income except to the extent that the prior deduction produced no tax benefit. Inasmuch as the entire $ 3,162.48 itemized deduction resulted in a reduction of 1985 Federal income tax, no amount of the $ 1,484.48 refund received in 1986 is excludable from income, and petitioners must include the entire $ 1,484.48 refund in gross income for the 1986 taxable year. Petitioners failed to report $ 26 of interest income from redemption of U.S. Government Savings Bonds. Petitioners conceded at trial that they received the interest income and that they had failed to report this income. Consequently, the Court upholds respondent's determination as shown in the notice of deficiency *651 on these foregoing issues. B. Negligence
Section 6653(a) imposes additions to tax if any portion of an underpayment is due to negligence. "Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances." , affd. , affd. on other issues . Respondent's determination is prima facie correct, and petitioners have the burden of proof to show that they were not negligent and to prove this addition erroneous. . At trial, it was established that petitioners reasonably believed that they had properly accounted for all income taxable in 1986. Based on the record before the Court, we conclude that petitioners' 1986 Federal income tax return was not filed negligently or with intentional disregard of rules or regulations. Consequently, the Court finds that respondent erred in asserting the section 6653(a) additions to tax. . C. Social security *652 tax refund claim
At trial, both factual and jurisdictional questions were raised with respect to the social security tax issue. It appears that petitioners mistakenly claimed a credit of $ 1,060.65 on line 60 of their 1986 Federal income tax return. That credit, authorized by sections 31(b) and 6413(c), allows a taxpayer, in receipt of wages from more than one employer during the calendar year such that the wages received by him during the year exceed the contribution and benefit base, as determined under section 230 of the Social Security Act, to seek a direct credit against the tax on income imposed by subtitle A of the Code, and to seek a refund of any excess amount. Secs. 31(b) and 6413(c). During 1986, the social security base was $ 42,000 and the social security tax was 7.15%. Sections 3101(a), (b) and 3121(x). Accordingly, the maximum social security tax per person was $ 3,003. Petitioners based their claim for a special refund of the social security tax on an incorrect interpretation of the law. Petitioners added the social security tax of $ 2,363.49 withheld from Edwin E. Moore to the social security tax of $ 1,700.16 withheld from Emily E. Moore to calculate a *653 total sum of $ 4,063.65. Petitioners subtracted from this figure the maximum social security withholding amount of $ 3,003 to establish the erroneously claimed credit of $ 1,060.65. Generally we do not have jurisdiction over credits arising under section 31(b). See ; . We need not decide whether section 6512(b)(1) gives the Court jurisdiction when a petitioner claims an overpayment based on a credit arising under section 31(b) because petitioner has not established that an overpayment exists. Petitioners admit that they received a refund check with respect to their 1986 Federal income tax return but could not recall whether the amount they received was less than the amount filed for. In their petition to the Court petitioners merely allege, without more, that "the mistake was corrected by the [respondent] automatically and deducted off [the refund] check." At trial, petitioners did not introduce any evidence which would serve to substantiate their position or refute the evidence introduced by respondent. The Court kept the record open so that petitioners *654 could later stipulate as to the amount of the refund check received by petitioners with respect to their 1986 Federal income tax return. No such stipulation has been filed. We, therefore, need go no further. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩